```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
AMERICAN STEAMSHIP OWNERS MUTUAL    :  04 Civ. 4309 (LAK) (JCF)
PROTECTION AND INDEMNITY            :
ASSOCIATION, INC.,                  :       MEMORANDUM
                                    :       AND   ORDER
                Plaintiff,          :
                                    :
     - against -                    :
                                    :
ALCOA STEAMSHIP CO., INC.,          :
et al.,                             :
                                    :
                Defendants.         :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Various defendants in this action have submitted letter motions seeking to compel the American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club" or the "Club") to produce documents withheld on the basis of the work product doctrine, to supplement certain answers to interrogatories, and to provide unequivocal responses to requests for admission. I will address each issue in turn.

Work Product

The defendants seek disclosure of two opinion letters dated June 18, 2004, and July 29, 2004, which were prepared by counsel for the American Club.[1] (Letter of Seth B. Schafler dated Nov. 9,

---

[1] The defendants also sought production of an opinion letter dated October 15, 2004, authored by an attorney at the law firm of Thacher Profitt & Wood. In a Memorandum and Order dated January 26, 2006, I ordered disclosure of that letter on grounds independent of those addressed in this decision.

1

2005 ("Schafler 11/9/05 Letter") at 1-2; Letter of Seth B. Schafler dated Sept. 20, 2005 ("Schafler 9/20/05 Letter"), attached as Exh. 3 to Schafler 11/9/05 Letter). The Club provided these letters to its actuary, Deloitte Consulting ("Deloitte"), in connection with a report that Deloitte prepared for submission to the New York Insurance Department. The defendants argue that the American Club has failed to show that the letters qualify for protection under the work product doctrine and, in any event, their disclosure to Deloitte waived any immunity. (Letter of Seth B. Schafler dated Dec. 2, 2005 ("Schafler 12/2/05 Letter") at 1-2; Schafler 9/20/05 Letter).

Since the mid-1990s, the New York Insurance Department has required the American Club to provide an opinion each year from a qualified independent loss reserve specialist as to the adequacy of the Club's loss and loss adjustment expense reserves. (Deposition of Thomas R. McGowan, attached as Exh. 5 to Schafler 9/20/05 Letter, at 429-30; Letter of Eugene Bienskie dated Jan. 3, 1996, attached as Exh. 6 to Schafler 9/20/05 Letter). In its April 6, 2005 Statement of Actuarial Opinion, Deloitte noted a reduction in the Club's reserve of $3,000,000 for the policy years prior to 1989 based on termination of the "discretionary practice" that is the centerpiece of this litigation. (Schafler 9/20/05 Letter, Exh. 8 at DT003611). The Club had justified this adjustment on the basis of the opinion letters now at issue.

The defendants' belated suggestion[2] that the letters are not work product is without merit. In <u>United States v. Adlman</u>, 134 F.3d 1194, 1195 (2d Cir. 1998), the Second Circuit held that the work product doctrine shields from discovery a document "created because of anticipated litigation" and does not lose that protection "merely because it is intended to assist in the making of a business decision influenced by the likely outcome of the anticipated litigation." It rejected the more rigid test requiring that a document have been created "primarily to assist in" litigation in order to qualify for protection. <u>Id.</u> at 1197-98. To illustrate its holding, the court described three scenarios in which documents would be covered by the work product doctrine, one of which mirrors the circumstances in this case:

> A business entity prepares financial statements to assist its executives, stockholders, prospective investors, business partners, and others in evaluating future courses of action. Financial statements include reserves for projected litigation. The company's independent auditor requests a memorandum prepared by the company's attorneys estimating the likelihood of success in litigation and an accompanying analysis of the company's legal strategies and options to assist it in estimating what should be reserved for litigation losses.

<u>Id.</u> at 1200. Just as in this hypothetical situation, the opinion letters here are work product.

Nevertheless, the defendants contend that any protection has

---

[2] This argument was raised for the first time in Mr. Schafler's reply letter on December 2, 2005. Previous submissions had argued only that work product protection had been waived.

been waived because the opinion letters were disclosed to the outside actuary with the potential that they would also be turned over to the New York Insurance Department. The defendants rely in part on Medinol, Ltd. v. Boston Scientific Corp., 214 F.R.D. 113, 115-17 (S.D.N.Y. 2002), where the court held that because an independent auditor serves a "public watchdog" function adverse to its business client, disclosure of work product to that auditor waives any immunity. I respectfully decline to follow Medinol, however, because it appears to be directly in conflict with Adlman. In the example from Adlman cited above, the opinion was provided to an independent auditor, and yet the Second Circuit did not suggest that any waiver might have occurred.

There still might be a waiver here if the opinions were disclosed to the New York Insurance Department and that agency stood in an adversarial relationship with the Club. But there has been no showing that the opinions were ever actually submitted to the Insurance Department. Rather, all that has been represented is that that agency had the authority to request disclosure of the information that Deloitte relied on in formulating its report. (Deposition of Marc S. Pearl, attached as Exh. 2 to Schafler 9/20/05 Letter, at 148-49). But a potential waiver is not a an actual waiver: no waiver is effected until a disclosure is made.

The defendants also ask that I review in camera all remaining documents identified on the Club's privilege log to determine

4

whether they are subject to production pursuant to my Orders dated September 13 and September 15, 2005. (Schafler 11/9/05 Letter at 1-2). I decline the invitation. In camera inspection is the exception rather than the rule, see Collens v. City of New York, No. 03 Civ. 4477, 2004 WL 1395228, at *2 (S.D.N.Y. June 22, 2004), and is not appropriate until the parties have identified a specific dispute. The American Club has indicated that it would review the documents on its privilege log and advise the defendants which additional documents it would produce in light of my rulings. (Letter of Lawrence J. Bowles dated Nov. 30, 2005 ("Bowles 11/30/05 Letter") at 5). When this process is completed, counsel may present any residual disputes.

Interrogatories

Next, the defendants contend that the American Club has responded inadequately to a number of inquiries posed in the First Set of Interrogatories by Defendants Keystone et al. The first group of questions in dispute consists of Interrogatories Nos. 9, 11, 12, 13, and 17. Collectively, these interrogatories seek a variety of types of financial information from the Club for all insurance years prior to 1989, including reserves (and the identity of each claim included within the reserves), the balance of each year's surplus, the amount of investment income earned, the amount of all transfers of balances, and the current reserve, surplus, or deficiency for each insurance year. (Schafler 11/9/05 Letter, Exh.

5

5).

The Club objects in part on the ground that the interrogatories are premature because a determination of certain issues on summary judgment may render moot the need for the requested information. (Bowles 11/30/05 Letter at 5-6). This argument has no merit. This case has not been bifurcated, and discovery is proceeding with respect to all issues.

More convincing is the Club's objection on grounds of burden. The Club has made available to the defendants the financial records that would contain the requested information. (Bowles 11/20/05 Letter at 7). The defendants are themselves capable of reviewing the documents and cannot shift the burden to the Club by couching their demands as interrogatories rather than as a document request. See Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 44 (S.D.N.Y. 1984); see also Local Civil Rule 33.3 (disfavoring interrogatories unless they are a more efficient means of obtaining information than other discovery devices). Given the breadth of the defendants' inquiries, including the number of insurance years involved, requiring responses to these interrogatories would be unduly burdensome.

The defendants next request clarification of the American Club's response to Interrogatory No. 14 in which the Club stated that the factors considered in calculating premiums in insurance

years prior to 1989 included "loading factors." The Club has now represented that loading factors relate to inflationary increases in costs and have no relation to the occupational disease claims that are the subject of this litigation. (Bowles 11/30/05 Letter at 10-11). The defendants have not disputed this nor argued that any further explanation would provide relevant information. Therefore, no additional clarification is required.

The defendants also demand further response to Interrogatory No. 2, which seeks information about reinsurance. The data requested is of marginal relevance, and the Club has provided the defendants with all available reinsurance contracts and schedules. (Bowles 11/30/05 Letter at 11). Again, it would be unduly burdensome to require additional interrogatory responses with respect to information that the defendants can glean from documents they have access to.

Interrogatories 4, 5, and 8 request the identification of documents in various categories. The Club has amended its answers to represent that it possesses no communications responsive to these requests. (Bowles 11/30/05 Letter at 11-12). That response is sufficient.

Requests for Admission

Finally, the defendants seek to compel the American Club to provide revised answers to Defendants' First Requests for Admission. (Letter of Seth B. Schafler dated Dec. 7, 2005

7

("Schafler 12/7/05 Letter"); Letter of Andrew Dash dated Dec. 9, 2005). The defendants argue that many of the Club's responses were qualified or equivocal. Much of the fault, however, lies in the nature of the requests themselves. Far from being straightforward demands that specific facts be acknowledged, they often contain embedded assumptions of fact or law. Thus, many of the defendants' requests present a situation "when the answer cannot be a succinct yes or no, and a qualification of the response is indeed necessary. Under these circumstances, the answering party is obligated to specify so much of its answer as true and qualify or deny the remainder of the request." Henry v. Champlain Enteprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003). For the most part, the Club complied with this obligation. The exception is where the defendants requested an admission with respect to action taken by the Club and the Club limited its response to actions taken by prior Boards of Directors. (Schafler 12/7/05 Letter, Exh. B, Request No. 4). Since the Club acts through its employees and agents as well as its Directors, such a qualification is inappropriate. The American Club shall therefore submit revised responses with respect to any request for admission for which the initial response was so limited. Otherwise, the Club's responses are adequate.

Conclusion

For the reasons discussed, the American Club shall submit

revised responses to the defendants' requests for admission to the extent set forth above; in all other respects, the defendants' motion to compel is denied.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
February 2, 2006

Copies mailed this date:

Lawrence J. Bowles, Esq.
Shaun F. Carroll, Esq.
Nourse & Bowles, LLP
One Exchange Plaza
At 55 Broadway
New York, New York  10006-3030

Franklin B. Velie, Esq.
Michael T. Sullivan, Esq.
Mitchell C. Stein, Esq.
Sullivan & Worcester
1290 Avenue of the Americas
New York, New York  10104

Dale A. Schreiber, Esq.
Seth Schafler, Esq.
Lisa Bauer, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York  10036

Peter Adelman, Esq.
Andrew S. Dash, Esq.
Brown Rudnick Berlack Israels LLP
Seven Times Square
New York, New York  10036

Mario Aieta, Esq.
Elizabeth L. Hubbard, Esq.
Garvey Schubert Barer
599 Broadway - 8th Floor
New York, New York   10012

Elizabeth L. Hubbard, Esq.
Gambrell & Stolz LLP
Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia 30326

Gene B. George, Esq.
Julia R. Brouhard, Esq.
Ray, Robinson, Carle & Davies, PLL
1717 East 9th Street, Suite 1650
Cleveland, Ohio   44114

David A. Luttinger, Jr. Esq.
Lisa M. Campisi, Esq.
Morgan Lewis and Bockius LLP
101 Park Avenue
New York, New York   10178

Edward V. Cattell, Jr., Esq.
Hollstein Keating Cattell
  Johnson & Goldstein PC
8 Penn Center, 1628 JFK Blvd.
Suite 2000
Philadelphia, PA   19103

Raymond A. Connell, Esq.
Maloof, Lebowitz Connahan & Oleske
299 Broadway - Suite 1700
New York, New York   10007

Christine S. Davis, Esq.
Mindy G. Davis, Esq.
Robert H. Shulman, Esq.
Howrey, Simon, Arnold & White LLP
1299 Pennsylvania Avenue NW
Washington, DC   20004

Adam Wofse, Esq.
Scott Fisher, Esq.
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, New York   11530

Steven I. Frenkel, Esq.
Cummings & Lockwood LLC
6 Landmark Square
Stamford, CT 06901

Nicholas P. Giuliano, Esq.
Bennett, Giuliano, McDonnell & Perrone LLP
225 West 34th Street, Suite 402
New York, New York 10122

Donald I. Strauber, Esq.
Melisa J. LaRocca, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112

Edward A. Keane, Esq.
Mahoney & Keane, LLP
111 Broadway
New York, New York 10006

Nancy Ledy-Gurren, Esq.
Ledy-Gurren & Blumenstock LLP
475 Park Avenue South
New York, New York 10016

Patrick F. Lennon, Esq.
Tisdale & Lennon, LLC
36 West 44th Street
Suite 1111
New York, New York 10036

Robert A. O'Hare, Jr., Esq.
O'Hare Parnagian LLP
82 Wall Street - Suite 300
New York, New York 10005

Joseph D. Pizzurro, Esq.
Curtis, Mallet-Prevost,
  Colt & Mosle LLP
101 Park Avenue
New York, New York 10178

Stacey A. Saiontz, Esq.
Dorothy A. Thomas, Esq.
Dickstein Shapiro Morin & Oshinsky
1177 Avenue of the Americas
New York, New York 10036

Deborah A. Silodor, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey  07068

Alissa Malone, Esq.
Lyn S. Concha, Esq.
Fields, Howell, Athans &
  McLaughlin, LLP
One Midtown Plaza
1360 Peachtree Street, NE
Suite 800
Atlanta, Georgia  30309

Allen von Spiegelfeld, Esq.
Fowler White Boggs Banker
501 E. Kennedy Boulevard
Suite 1700
Tampa, Florida  33602

Terry L. Stoltz, Esq.
Nicoletti Horning Campise & Sweeney
88 Pine Street, 7th Floor
New York, New York 10005

Charles A. Stewart, III, Esq.
Stewart Occhipinti LLP
1350 Broadway - Suite 2200
New York, New York  10018

John G. Cameron, Jr., Esq.
Warner, Norcross & Judd, LLP
900 Fifth Third Center
111 Lyon Street N.W.
Grand Rapids, Michigan  49503

Camilo Cardozo, Esq.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, New York  10020

John M. Toriello, Esq.
Holland & Knight LLP
195 Broadway
New York, New York  10007

Herbert I. Waldman, Esq.
Nagel, Rice & Mazie, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068

Rodney M. Zerbe, Esq.
Robert A. Cohen, Esq.
Brent A. Hannafan, Esq.
Dechert LLP
30 Rockefeller Plaza
New York, New York  10112

Alan Kellman, Esq.
The Maritime Asbestosis Legal Clinic
(a division of The Jaques Admiralty
      Law Firm)
645 Griswold - Suite 1570
Detroit, Michigan  48225

Dan Shaked, Esq.
Shaked & Posner
225 West 34th Street - Suite 705
New York, New York  10122

Melanie Callahan
Offshore Express Inc.
P.O. Box 1420
Houma, Louisiana  70361